UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMPHONE LOUPRASONG,

Plaintiff,

v.

J. MADRIGAL, et al.,

Defendants.

No. 2:24-cv-3419-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a county jail inmate proceeding in forma pauperis and without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis.  ECF No. 2.

## I.    In Forma Pauperis Application

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.    Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff's complaint consists of citizen complaints and inmate grievances he has filled out, interspersed with the court's form complaint. ECF No. 1. Plaintiff appears to allege a claim for excessive force against officers J. Madrigal and Lopez of the San Joaquin County Jail concerning an incident that occurred on August 30, 2024. *Id*. at 3. Plaintiff has also included a list of other defendants and barely-described claims, some of which appear to relate to some of

the inmate grievances interspersed with the complaint. *Id.* at 6-7.

To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that show that a correctional officer used force against him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 7. Construed liberally, and for the purposes of § 1915A, plaintiff has stated potentially cognizable excessive force claims against J. Madrigal and Lopez.

Plaintiff's remaining claims must be dismissed because they are impermissibly joined to the first claim in this action. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.* Plaintiff's other claims concern events unrelated to the excessive force claim alleged against Madrigal and Lopez.

### III.   Recommendation and Order

Accordingly, it is ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of San Joaquin County filed concurrently herewith.

3. Plaintiff has stated potentially cognizable excessive force claims against defendants J. Madrigal (possible badge number 433) and Lopez (possible badge number 444).  The court will direct service of the complaint on these defendants upon resolution of the below recommendation.

4. The Clerk of Court randomly assign a district judge to this action.

It is RECOMMENDED that the court dismiss all claims alleged by plaintiff other than the claims against J. Madrigal and Lopez for excessive force as improperly joined, without prejudice to these claims being raised in a separate lawsuit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 26, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4